```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


DAVID D. BROWN,                    :
                                   :    Civil Action No. 11-3833 (JBS)
            Petitioner,            :
                                   :
       v.                          :    OPINION
                                   :
THE ATTORNEY GENERAL               :
OF NEW JERSEY,                     :
                                   :
            Respondent.            :
```

**APPEARANCES:**

    **DAVID D. BROWN**, Petitioner pro se
    # 191303
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**SIMANDLE**, District Judge

    This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner David D. Brown ("Brown"), challenging his recent New Jersey state court conviction and sentence.  For the reasons stated below, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

I.   BACKGROUND

According to the allegations contained in the petition, Brown is challenging his recent confinement as a result of violating the conditions of his probation. Brown states that he was sentenced to a five-year suspended sentence in the Superior Court of New Jersey, Atlantic County, after his plea of guilty to criminal mischief. He does not state when the sentence was imposed. Brown was supposed to be monitored by the Atlantic County Probation Department, and signed a probation "contract" on or about December 17, 2010. He states that he was taken into custody for violating the conditions of his probation on July 27, 2010, before he signed the probation contract. Therefore, he challenges his detention and seeks his release accordingly. He admits that he has not sought to exhaust his state court remedies with respect to his claim of wrongful confinement. (Petition at ¶ 12).

II.   ANALYSIS

A.  Pro Se Pleading

Brown brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts

must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  <u>Picard</u>, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  <u>Id.</u> at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Brown has failed to exhaust his state court remedies with respect to the claim asserted in this habeas petition.  (Petition at ¶ 12).  As a matter of comity then, it is best left to the New Jersey courts to determine Brown's constitutional claims and challenges to his sentence and present custody, which clearly have not been raised, let alone fully exhausted, on state court review.  Therefore, based on the allegations represented by Brown in his petition, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  <u>See</u> <u>Rose</u>, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant

5

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    Here, jurists of reason would not find the court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

### IV.  CONCLUSION

    For the foregoing reasons, this Court finds that Brown has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

                                           **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE
                                           United States District Judge

DATED:   **July 14, 2011**